# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| BRETT TALMADGE,<br><br>                 Plaintiff,<br><br>          v.<br><br>MEDICAL ADVISORY COMMITTEE MEMBER, et al.,<br><br>                 Defendants. | Case No. 3:23-cv-00084-JMK |

## SCREENING ORDER

Self-represented prisoner Brett Talmadge filed a civil rights complaint, a civil cover sheet, and an application to waive prepayment of the filing fee.[1] Plaintiff names Medical Advisory Committee Member(s), Department of Corrections ("DOC") commissioner Jennifer Winkelman, Superintendent Earl Houser, and Deputy Director of Institutions Sidney Wood as Defendants. Plaintiff alleges Defendants violated his rights to due process and equal protection when they confiscated his prescription metal framed eyeglasses without issuing him another pair.[2] Plaintiff alleges these actions were done in retaliation and with deliberate indifference to his medical needs related to vision.[3] Plaintiff also challenges the constitutionality of DOC Policy 811.05: Prisoner Personal Property and Release

---

[1] Docket 1.

[2] Docket 1 at 3.

[3] Docket 1 at 5–7.

Clothing.[4] The Court now screens the Complaint in accordance with 28 U.S.C. §§ 1915(e) and 1915A.

## SCREENING STANDARD

Under the Prison Litigation Reform Act, the Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity, even if the filing fee has been paid.[5] In this screening, a court shall dismiss the case at any time if the court determines that the action:

> (i)  is frivolous or malicious;
>
> (ii) fails to state a claim on which relief may be granted; or
>
> (iii) seeks monetary relief against a defendant who is immune from such relief.[6]

Before a court may dismiss any portion of a complaint, a court must provide a plaintiff with a statement of the deficiencies in the complaint and an opportunity to amend or otherwise address the problems, unless to do so would be futile.[7] Futility exists when "the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency."[8]

---

[4] DOC Policies and Procedures are available at https://doc.alaska.gov/pnp/pdf/811.05.pdf.

[5] 28 U.S.C. §§ 1915, 1915A.

[6] 28 U.S.C. § 1915(e)(2)(B).

[7] *See Gordon v. City of Oakland*, 627 F.3d 1092, 1094 (9th Cir. 2010) (citing *Albrecht v. Lund*, 845 F.2d 193, 195 (9th Cir. 1988)).

[8] *See Schreiber Distributing Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986).

Case No. 3:23-cv-00084-JMK, *Talmadge v. Medical Advisory Committee Member(s), et al.*
Screening Order
Page 2 of 16
Case 3:23-cv-00084-JMK   Document 5   Filed 11/06/23   Page 2 of 16

## DISCUSSION

**I. Requirements to State a Claim**

To determine whether a complaint states a valid claim on which relief may be granted, courts consider whether the complaint contains sufficient factual matter that, if accepted as true, "state[s] a claim to relief that is plausible on its face."[9] In conducting its review, a court must liberally construe a self-represented plaintiff's pleading and give the plaintiff the benefit of the doubt.[10] Factual allegations may not be speculative; rather, a plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[11]

Rule 8 of the Federal Rules of Civil Procedure instructs that a complaint must contain a "short and plain statement of the claim showing that the [complainant] is entitled to relief[.]"[12] A complaint should set out each claim for relief separately. Each claim should identify (1) the specific harm that Plaintiff is alleging has occurred to him, (2) when that harm occurred, (3) where that harm was caused, and (4) who he is alleging caused that specific harm to him. While a complaint need not, and should not, contain every factual detail, "unadorned, the

---

[9] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

[10] *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citing *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985) (en banc)).

[11] *Ashcroft*, 556 U.S. at 678.

[12] Federal Rule of Civil Procedure (FRCP) 8(a)(2).

Case No. 3:23-cv-00084-JMK, *Talmadge v. Medical Advisory Committee Member(s), et al.*
Screening Order
Page 3 of 16
Case 3:23-cv-00084-JMK   Document 5   Filed 11/06/23   Page 3 of 16

defendant-unlawfully-harmed-me accusation[s]" are insufficient to state a claim.[13] A complaint is insufficiently plead if it offers "naked assertions devoid of further factual enhancement."[14] Plaintiff's Complaint does not contain sufficient plausible facts to meet the requirements of Rule 8 of the Federal Rules of Civil Procedure for a civil rights action under 42 U.S.C. § 1983 ("Section 1983"). Therefore, the Court must dismiss the Complaint. However, the Court grants leave to amend certain claims in accordance with the guidance provided herein.

## II.    Civil Rights Actions

To state a claim for relief under Section 1983, a plaintiff must allege plausible facts that, if proven, would establish (1) the defendant acting under color of state law (2) deprived the plaintiff of rights secured by the federal Constitution or federal statutes.[15] To act under color of state law, a complaint must allege that the defendant acted with state authority as a state actor.[16] To be deprived of a right, the defendant's action needs to either violate rights guaranteed by the Constitution or an enforceable right created by federal law.[17] Section 1983 does not confer constitutional or federal statutory rights. Instead, it provides a mechanism for

---

[13] *Id.*

[14] *Id.* (internal citations and quotations omitted).

[15] *Gibson v. United States*, 781 F.2d 1334, 1338 (9th Cir. 1986).

[16] *West v. Atkins*, 487 U.S. 42, 49 (1988) (quoting *United States v. Classic*, 313 U.S. 299, 326 (1941)).

[17] *Buckley v. City of Redding*, 66 F. 3d 188, 190 (9th Cir. 1995); *Blessing v. Freestone*, 520 U.S. 329, 340–41 (1997).

Case No. 3:23-cv-00084-JMK, *Talmadge v. Medical Advisory Committee Member(s), et al.*
Screening Order
Page 4 of 16
Case 3:23-cv-00084-JMK   Document 5   Filed 11/06/23   Page 4 of 16

remedying violations of pre-existing federal rights.[18] Constitutional rights are those conferred by the U.S. Constitution to individual citizens. Section 1983 can be used as a mechanism for enforcing the rights guaranteed by a particular federal statute only if (1) the statute creates enforceable rights and (2) Congress has not foreclosed the possibility of a Section 1983 remedy for violations of the statute in question.[19] Section 1983 does not provide a mechanism for remedying alleged violations of state law.[20] However, where a violation of state law is also a violation of a federal constitutional right, Section 1983 may provide a cause of action.[21]

### A. Challenging a Prison Policy

A prison policy that burdens a constitutional right is permissible so long as "it is reasonably related to legitimate penological interests" and "does not represent an exaggerated response to those concerns."[22] Whether a policy is reasonably related to such interests requires consideration of the four-factor test established by the Supreme Court in *Turner v. Safley*.[23] These factors are: (1) whether there is a "'valid, rational connection between the prison regulation and the legitimate governmental interest put forward to justify it"; (2) "whether there are alternative

---

[18] *Graham v. Connor*, 490 U.S. 386, 393–94 (1989).

[19] *Blessing v. Freestone*, 520 U.S. 329, 340–41 (1997); *Dittman v. California*, 191 F.3d 1020, 1027–28 (9th Cir. 1999).

[20] *Galen v. Cty. of Los Angeles*, 477 F.3d 652, 662 (9th Cir. 2007).

[21] *Lovell v. Poway Unified Sch. Dist.,* 90 F.3d 367, 370 (9th Cir. 1996).

[22] *Turner v. Safley*, 482 U.S. 78, 89 (1987).

[23] *Id.*

Case No. 3:23-cv-00084-JMK, *Talmadge v. Medical Advisory Committee Member(s), et al.*
Screening Order
Page 5 of 16
Case 3:23-cv-00084-JMK   Document 5   Filed 11/06/23   Page 5 of 16

means of exercising the right that remain open to prison inmates"; (3) "the impact accommodation of the asserted constitutional right will have on guards and other inmates, and on the allocation of prison resources generally"; and (4) whether there are "ready alternatives" to the prison's policy.[24]

When determining whether a policy is reasonably related to legitimate penological interests, "[t]he burden is not on the State to prove the validity of prison regulations but on the prisoner to disprove it."[25] Decisions regarding prison security are "peculiarly within the province and professional expertise of corrections officials, and, in the absence of substantial evidence in the record to indicate the officials have exaggerated their response to these considerations, courts should ordinarily defer to their expert judgment in such matters."[26]

As explained further below, Plaintiff's contention that the policy is unconstitutional because it treats pretrial detainees differently than convicted prisoners is without merit. Further, restrictions on the possession of personal property generally serve the legitimate purpose of ensuring safety and security, and Plaintiff has not alleged facts that demonstrate that the policy is not reasonably related to legitimate penological interests. Therefore, Plaintiff has not alleged facts to support a claim that the policy is unconstitutional on its face. The Court grants leave to amend in accordance with the guidance herein.

---

[24] *Turner,* 482 U.S. at 90.

[25] *Overton v. Bazzetta*, 539 U.S. 126, 132 (2003).

[26] *Pell v. Procunier*, 417 U.S. 817, 827 (1974).

Case No. 3:23-cv-00084-JMK, *Talmadge v. Medical Advisory Committee Member(s), et al.*
Screening Order
Page 6 of 16
Case 3:23-cv-00084-JMK   Document 5   Filed 11/06/23   Page 6 of 16

### B. Equal Protection

The Equal Protection Clause of the Fourteenth Amendment requires that all persons who are similarly situated be treated alike.[27] To state a claim for a violation of this provision, a plaintiff must plausibly allege facts that if proven would demonstrate that a defendant acted with an intent or purpose to discriminate against the plaintiff based upon the plaintiff's membership in a protected class."[28] The Fourteenth Amendment is not violated by unintentional conduct that may have a disparate impact.[29]

The equal protection clause protects prisoners from invidious discrimination based on race, intentional discrimination based on religion, as well as disparate treatment based on sexual orientation.[30] Indigent prisoners are not a protected class.[31] Further, pretrial detainees are not "prisoners," and courts have recognized the due process and other rights of the two have different scope and the Government's security interests also differ.[32] The Supreme Court has explained a Fourteenth Amendment claim is subject to a different standard than a claim under the Eighth Amendment's Cruel and Unusual Punishment Clause because the

---

[27] *Lee v. City of Los Angeles*, 250 F.3d 668, 686 (9th Cir. 2001).

[28] *Barren v. Harrington,* 152 F.3d 1193, 1194 (9th Cir.1998).

[29] *See Vill. of Arlington Heights v. Metro. Hous. Dev. Corp.,* 429 U.S. 252, 265 (1977); *Washington v. Davis,* 426 U.S. 229, 239 (1976).

[30] *United States v. Windsor,* 570 U.S. 744, 769–70 (2013) (quotation and citations omitted).

[31] *See Taylor v. Delatoore*, 281 F.3d 844, 849 (9th Cir. 2002) (indigent prisoners are not a protected class for purposes of stating an equal protection claim).

[32] *Bell v. Wolfish,* 441 U.S. 520, 591 n.24 (1979).

Case No. 3:23-cv-00084-JMK, *Talmadge v. Medical Advisory Committee Member(s), et al.*
Screening Order
Page 7 of 16
Case 3:23-cv-00084-JMK   Document 5   Filed 11/06/23   Page 7 of 16

language and nature of the claims often differ, and "most importantly," pretrial detainees may not be punished at all, unlike convicted prisoners.[33] Not only does Plaintiff misinterpret the Alaska Statutes he relies on,[34] a violation of a state law does not necessarily amount to a constitutional violation. Disparate treatment is the initial element of an equal protection claim and Plaintiff has not alleged facts to support a claim that he was prohibited from possessing these items based on his membership in a protected class. Therefore, Plaintiff's equal protection claim is dismissed. Although amendment is likely futile, the Court grants Plaintiff leave to amend this claim.

### C. Retaliation

Under the First Amendment to the United States Constitution, an individual has the right to be free from governmental action taken to retaliate against his exercise of First Amendment rights—such as access to the courts—or to deter the individual from exercising those rights in the future.[35] Prison officials may not retaliate against prisoners for exercising their First Amendment rights to pursue litigation or file administrative grievances.[36]

---

[33] *Kingsley v. Hendrickson*, 576 U.S. 389, 400, 402 (2015) (holding excessive force claim by pretrial detainee must show only that force used was *objectively* unreasonable). *See also Ingraham v. Wright*, 430 U.S. 651, 671–72, n.40 (1977) (recognizing due process requires that a pretrial detainee not be punished. A sentenced inmate, on the other hand, may be punished, although that punishment may not be cruel and unusual under the Eighth Amendment.").

[34] *See* Docket at 16 (citing A.S. §§ 33.30.015(d) & 33.30.901).

[35] *Sloman v. Tadlock,* 21 F.3d 1462, 1469–70 (9th Cir. 1994).

[36] *Rhodes v. Robinson,* 408 F.3d 559, 567 (9th Cir. 2005).

Case No. 3:23-cv-00084-JMK, *Talmadge v. Medical Advisory Committee Member(s), et al.*
Screening Order
Page 8 of 16
Case 3:23-cv-00084-JMK   Document 5   Filed 11/06/23   Page 8 of 16

A First Amendment claim for retaliation has five elements: (1) adverse action by a state actor against the inmate (2) because of (3) that prisoner's protected conduct, and the action (4) chilled the inmate's exercise of his First Amendment rights and (5) did not reasonably advance a legitimate correctional goal.[37] To establish a retaliatory motive, an inmate "must show that his protected conduct was the substantial or motivating factor behind the defendant's conduct."[38] If the adverse action would have been taken even without the inmate's exercise of protected conduct, the plaintiff cannot satisfy the causation element of the retaliation claim."[39]

Plaintiff claims he was able to keep his eyeglasses at the Mat-Su Pre-Trial Facility, but they were confiscated after he was placed in "SMU" after arriving at Goose Creek Correctional Facility ("GCCC").[40] Plaintiff believes this was in retaliation for filing a state tort case against Nancy Dahlstrom, Earl Houser, and Brann Wade in September 2021.[41] However, Plaintiff has not connected any actions by any defendants with an intent to chill speech. Nor has Plaintiff alleged facts that, if proven, would demonstrate that the confiscation of his property was

---

[37] *Chavez v. Robinson*, 12 F.4th 978, 1001 (9th Cir. 2021).

[38] *Brodheim v. Cry*, 584 F.3d 1262, 1271 (9th Cir. 2009) (quotations omitted) (quoting *Soranno's Gasco, Inc. v. Morgan*, 874 F.2d 1310, 1314 (9th Cir. 1989)).

[39] Docket 12 at 9.

[40] Docket 1 at 5.

[41] Docket 1 at 5, 22. *See also Talmadge vs. Dalstrom* [sic]*, et al.,* Case No. 3AN-21-08882CI (File Date: 09/26/2021).

Case No. 3:23-cv-00084-JMK, *Talmadge v. Medical Advisory Committee Member(s), et al.*
Screening Order
Page 9 of 16
Case 3:23-cv-00084-JMK   Document 5   Filed 11/06/23   Page 9 of 16

causally connected to the lawsuit he filed six months before his glasses were confiscated on March 2, 2022.[42] Further, it appears the confiscation may have occurred upon transfer to a new facility or unit. As pleaded, the Court is unclear exactly how, when, or why they were confiscated.

A plaintiff bears the initial burden of showing that the exercise of his First Amendment rights was a substantial or motivating factor behind the defendant's conduct.[43] "[M]ere speculation that defendants acted out of retaliation is not sufficient."[44] Given the extended duration between the events that occurred, it is unlikely Plaintiff could plead any additional facts that could possibly cure this deficiency. Nonetheless, although amendment is likely futile, the Court grants Plaintiff leave to amend this claim.

### D. Deliberate Indifference to Medical Needs re Vision

A pretrial detainee's right to adequate medical care arises under the due process clause of the Fourteenth Amendment.[45] The elements of such a claim are: (1) "the defendant made an intentional decision with respect to the conditions under which the plaintiff was confined"; (2) "those conditions put the plaintiff at substantial risk of suffering serious harm"; (3) "the defendant did not take reasonable available measures to abate that risk, even though a reasonable official

---

[42] *See, e.g., Clark County Sch. Dist. v. Breeden,* 532 U.S. 268, 273-74 (2001) (stating that the temporal proximity must be "very close.").

[43] *Mt. Healthy City School Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 287 (1977).

[44] *Wood v. Yordy,* 753 F.3d 899, 904 (9th Cir. 2014).

[45] *Gordon v. Cnty. of Orange,* 888 F.3d 1118, 1120 (9th Cir. 2018).

Case No. 3:23-cv-00084-JMK, *Talmadge v. Medical Advisory Committee Member(s), et al.*
Screening Order
Page 10 of 16
Case 3:23-cv-00084-JMK   Document 5   Filed 11/06/23   Page 10 of 16

in the circumstances would have appreciated the high degree of risk involved—making the consequences of the defendant's conduct obvious"; and (4) "by not taking such measures, the defendant caused the plaintiff's injuries."[46]

A serious medical need exists if the failure to treat an inmate's condition "could result in further significant injury" or the "'unnecessary and wanton infliction of pain.'"[47] "Indications that a plaintiff has a serious medical need include '[t]he existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain.'"[48]

"[C]laims for violations of the right to adequate medical care 'brought by pretrial detainees against individual defendants under the Fourteenth Amendment' must be evaluated under an objective deliberate indifference standard."[49] Whether a defendant's conduct is "objectively unreasonable" depends on the "facts and

---

[46] *Id.* at 1125.

[47] *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006).

[48] *Colwell v. Bannister*, 763 F.3d 1060, 1066, (9th Cir. 2014) (citation omitted) (monocular blindness caused by a cataract significantly affects an individual's daily activities and therefore is a serious medical need); *but see Dorlette v. Wu,* No. 3:16-CV-318 (VAB), 2019 WL 1284812, at *7–9 (D. Conn. 2019) (granting summary judgment for the defendants when the plaintiff experienced an eight-month delay in receiving prescription glasses despite complaining of pain, eye strain, and headaches during that time because he provided no evidence that the delay had a serious effect on his health).

[49] *Gordon v. Cty. of Orange,* 888 F.3d 1118, 1124–25 (9th Cir. 2018) (quoting *Castro v. City of Los Angeles,* 833 F.3d 1060,1070 (9th Cir. 2016)).

Case No. 3:23-cv-00084-JMK, *Talmadge v. Medical Advisory Committee Member(s), et al.*
Screening Order
Page 11 of 16

circumstances of each particular case."[50] "[M]ere lack of due care" is not enough; "the plaintiff must 'prove more than negligence but less than subjective intent – something akin to reckless disregard.'"[51]

Court decisions regarding vision-related claims under the Fourteenth Amendment are heavily fact dependent.[52] Plaintiff's allegations including long delays in scheduling optometry appointments resulting in vision impairment, deprivation of glasses needed for adequate vision to engage in normal activities of daily living, and injuries caused by falling or walking into objects may suffice to show suffering "inconsistent with contemporary standards of decency."[53] However, Plaintiff must identify (1) the specific injury he is alleging has occurred to him, (2) when that injury occurred, (3) where that injury was caused, and (4) who he is alleging caused that specific injury to him.

In addition, because "[a] plaintiff must allege facts, not simply conclusions, t[o] show that [each defendant] was personally involved in the deprivation of his

---

[50] *Id.* (citations and quotations omitted).

[51] *Id.* (quoting *Castro*, 833 F.3d at 1071).

[52] *See, e.g., Sexton v. Cnty. of Clark,* 2018 WL 4494091 (D. Nev., 2018) (denying motion to dismiss where plaintiff alleged defendants withheld her prescription glasses and pain medication, causing agonizing headaches, in violation of Fourteenth Amendment); *Andy Li v. Contra Costa Cnty.,* 2017 WL 4861487, at *9, 12 (E.D. Cal. 2017) (a reasonable jury could find Fourteenth Amendment violation where inmate with uncorrected vision of 20/100 waited thirteen months for optometry appointment); *Bernardino v. Sandoval,* 2017 WL 4391705, at *4 (S.D. Cal. Oct. 3, 2017) (dismissing complaint without leave to amend where plaintiff alleged defendants broke his glasses during cell search, but did not allege that his broken glasses significantly affected his daily activities or caused him chronic and substantial pain); *Rodriguez v. D'Agostini,* 2018 WL 1256766, at *3 (E.D. Cal. Mar. 12, 2018) (dismissing claim for unaddressed eye problem where plaintiff required reading glasses, which is not a serious medical need).

[53] *Colwell v. Bannister,* 763 F.3d 1060, 1066 (9th Cir. 2014).

Case No. 3:23-cv-00084-JMK, *Talmadge v. Medical Advisory Committee Member(s), et al.*
Screening Order
Page 12 of 16
Case 3:23-cv-00084-JMK   Document 5   Filed 11/06/23   Page 12 of 16

civil rights,"[54] when a named defendant holds a supervisory position, the causal link between him and the claimed constitutional violation must be specifically alleged.[55] In order to sufficiently plead causation as to a supervisory official under Section 1983, a plaintiff must allege their "personal involvement in the constitutional deprivation, or . . . a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation."[56]

## CONCLUSION

Plaintiff is accorded 30 days to amend his Complaint. An amended complaint replaces the prior complaint in its entirety.[57] Any claims not included in the amended complaint will be considered waived. However, an amended complaint need only contain a "short and plain statement of the claim showing that the pleader is entitled to relief."[58] An amended complaint should not contain a narrative and it should not contain or have attached to it medical records or other documentation. An amended complaint need not contain legal research or analysis, but it must contain sufficient facts that state a viable claim for relief. A

---

[54] *Barren v. Harrington,* 152 F.3d 1193, 1194 (9th Cir. 1998).

[55] *See Fayle v. Stapley,* 607 F.2d 858, 862 (9th Cir. 1979); *Mosher v. Saalfeld*, 589 F.2d 438, 441 (9th Cir. 1978).

[56] *Keates v. Koile,* 883 F.3d 1228, 1242–43 (9th Cir. 2018) (*quoting Starr v. Baca,* 652 F.3d 1202, 1207 (9th Cir. 2011) (internal quotation marks omitted)).

[57] *See* Fed. R. Civ. P. 15 and Local Civil Rule 15.1.

[58] Fed. R. Civ. P. 8(a)(2).

Case No. 3:23-cv-00084-JMK, *Talmadge v. Medical Advisory Committee Member(s), et al.*
Screening Order
Page 13 of 16
Case 3:23-cv-00084-JMK   Document 5   Filed 11/06/23   Page 13 of 16

claim is "plausible" when the facts alleged support a reasonable inference that the plaintiff is entitled to relief from a specific defendant for specific misconduct.

Although he has been given the opportunity to amend, Plaintiff may not unjustifiably expand the scope of the case by alleging new unrelated claims or parties in the amended complaint.[59] Any amended complaint may not include any claims or defendants for which he lacks a sufficient legal or factual basis. An amended complaint must set out each claim for relief separately.

**IT IS THEREFORE ORDERED:**

1. The Complaint is **DISMISSED** for failing to state a claim upon which relief could be granted. The Court grants leave to amend in accordance with the guidance provided in this order.

2. Plaintiff is accorded **30 days** to file **one of the following**:

    a. <u>First Amended Complaint</u>, in which Plaintiff restates his claims to address the deficiencies identified in this order. An amended complaint should be on the Court's form, which is being provided to Plaintiff with this order; **OR**

    b. <u>Notice of Voluntary Dismissal</u>, in which Plaintiff elects to close and end this case.

2. If Plaintiff does not file either an Amended Complaint or Notice of Voluntary Dismissal on the Court form **within 30 days,** this case may be dismissed

---

[59] *See George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

Case No. 3:23-cv-00084-JMK, *Talmadge v. Medical Advisory Committee Member(s), et al.*
Screening Order
Page 14 of 16
Case 3:23-cv-00084-JMK   Document 5   Filed 11/06/23   Page 14 of 16

with prejudice under 28 U.S.C. § 1915(e)(2)(B) without further notice to Plaintiff.[60] This dismissal would count as a "strike" against Plaintiff under § 1915(g).[61] A voluntary dismissal does not count as a "strike" under 28 U.S.C. § 1915(g).

3. Plaintiff's motion to waive prepayment of the filing fee at **Docket 3 is GRANTED**. Plaintiff is advised federal law only allows prisoners to waive prepayment of the fees associated with civil lawsuits. Prisoners must pay the fee incrementally until paid in full, regardless of the outcome of the action.[62]

4. If Plaintiff is released while this case remains pending and the filing fee has not been paid in full, Plaintiff must, within 30 days of his release, either (1) pay the unpaid balance of his filing fee or (2) file a Non-Prisoner Application to Waive the Filing Fee (Form PS11).[63] Failure to comply may result in dismissal of this action.

5. Self-Represented litigants are expected to review and comply with the Federal Rules of Civil Procedure, the Local Civil Rules, and all Court orders.

---

[60] *See Harris v. Mangum*, 863 F.3d 1133, 1143 (9th Cir. 2017) (holding that a dismissal counts as a strike when the district court dismisses a complaint for a failure to state a claim, grants leave to amend, and the plaintiff fails to amend the complaint).

[61] 28 U.S.C. § 1915(g) prohibits a prisoner who files more than three actions or appeals in any federal court in the United States which are dismissed as frivolous or malicious or for failure to state a claim upon which relief may be granted, from bringing any other actions without prepayment of fees unless the prisoner can demonstrate that he or she is in "imminent danger of serious physical injury."

[62] 28 U.S.C. § 1915(b)(1)&(2).

[63] The Court's template forms are available upon request from the Clerk's office and on the Court's website at https://www.akd.uscourts.gov/forms.

Case No. 3:23-cv-00084-JMK, *Talmadge v. Medical Advisory Committee Member(s), et al.*
Screening Order
Page 15 of 16
Case 3:23-cv-00084-JMK   Document 5   Filed 11/06/23   Page 15 of 16

Failure to do so may result in the imposition of sanctions authorized by law, including dismissal of this action.

6. At all times, all parties shall keep the Court informed of any change of address or phone number. Such notice shall be titled "Notice of Change of Address." The Notice shall contain only information about the change of address, and its effective date.[64] The Notice shall not include requests for any other relief.

7. With this order, the Clerk is directed to send: (1) form PS01, with "FIRST AMENDED" written above the title "Prisoner's Complaint Under the Civil Rights Act 42 U.S.C. § 1983"; (2) form PS09, Notice of Voluntary Dismissal; and (3) form PS23, Notice of Change of Address.

DATED this 6th day of November, 2023, at Anchorage, Alaska.

*/s/ Joshua M. Kindred*
JOSHUA M. KINDRED
UNITED STATES DISTRICT JUDGE

---

[64] *See* Local Civil Rule 11.1(b) (requiring a notice of change of address to be filed, as "[s]elf-represented parties must keep the court and other parties advised of the party's current address and telephone number.").

Case No. 3:23-cv-00084-JMK, *Talmadge v. Medical Advisory Committee Member(s), et al.*
Screening Order
Page 16 of 16
Case 3:23-cv-00084-JMK   Document 5   Filed 11/06/23   Page 16 of 16